## CASE NO. 23-4427

**IN THE**

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

v.

**VALFONSO DEWITT,**

*Defendant-Appellant.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

———————————

**OPENING BRIEF OF APPELLANT**

———————————

Alfred Guillaume, III
LAW OFFICES OF ALFRED GUILLAUME III
6305 Ivy Lane
Suite 700
Greenbelt, MD 20770
202-321-0549
ag3law@gmail.com

*Counsel for Appellant*

**TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF JURISDICTION........................................................1

STATEMENT OF THE ISSUES............................................................2

STATEMENT OF THE CASE.................................................................3

    I.    PROCEDURAL HISTORY .........................................................3

    II.   RELEVANT FACTS...................................................................4

SUMMARY OF THE ARGUMENT ......................................................5

ARGUMENT ..........................................................................................5

    I.    The District Court Erred When It Found That Sufficient Probable
          Cause Existed to Authorize a Wiretap of Dewitt's Phone ........................5

          A. Standard of Review .......................................................5

          B. The Affidavit to the Warrant Did Not Establish Probable Cause
             that Dewitt Was Involved in Drug Trafficking....................................6

          C. The <u>Leon</u> Good Faith Exception Is Not Applicable ...........................8

CONCLUSION .......................................................................................9

REQUEST FOR ORAL ARGUMENT ................................................10

# TABLE OF AUTHORITIES

## Cases

United States v. Doyle,
    650 F.3d 460 (4th Cir. 2011) ............................................................ 6, 7

United States v. Gondres-Medrano,
    3 F.4th 708 (4th Cir. 2021) .................................................................. 5

United States v. Leon,
    468 U.S. 897 (1984) ............................................................................. 6

United States v. Lyles,
    910 F.3d 787 (4th Cir. 2018) ............................................................... 9

United States v. Wilhelm,
    80 F.3d 116 (4th Cir. 1996) ............................................................. 8, 9

## Statutes

18 U.S.C. § 3231 ........................................................................................ 1

21 U.S.C. § 843 .......................................................................................... 3

21 U.S.C. § 846 .......................................................................................... 3

28 U.S.C. § 1291 ........................................................................................ 1

## Rules

Fed. R. App. P. 4 ........................................................................................ 1

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291. On June 22, 2023, Appellant Valfonso Dewitt filed a timely notice of appeal pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure. (JA858). The district court had jurisdiction under 18 U.S.C. § 3231.

## STATEMENT OF THE ISSUES

1.  Whether the district court erred when it found that the affidavit to the initial warrant authorizing a wiretap of Dewitt's phone provided sufficient probable cause to establish that he was involved in drug trafficking.

## STATEMENT OF THE CASE

### I.    PROCEDURAL HISTORY

On January 26, 2023, a federal grand jury returned a ten-count superseding indictment against Appellant Valfonso Dewitt. (JA150-162).  Dewitt was charged in Count One, Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §846; and in Counts Six, Seven, Eight, Nine and Ten, with Use of Any Communication Facility to Facilitate a Drug Felony, in violation of 21 U.S.C. §843(b).

On December 27, 2021, Dewitt's counsel filed a *Motion to Suppress Evidence Obtained by Electronic Surveillance and Wire Interception*.  (JA14-17). The government field a response on December 15, 2022 (JA18-31).  On January 5, 2023, at the motions hearing, the district court denied the defendant's motion and ruled that the warrant was supported by sufficient probable cause.  JA131-133.

On February 27, 2023, the district court (The Honorable Paula Xinis, presiding) convened a jury trial.  (JA234).  After a six-day trial, the jury returned a verdict of guilty as to Count One[1], not guilty as to Count Six, guilty as to Count Seven, not guilty as to Count Eight, not guilty as to Count Nine, and guilty as to Count Ten.  (JA798-800).  On June 22, 2023, Judge Xinis sentenced Appellant to

---

[1] The jury made a special finding(s) that Dewitt conspired to distribute 400 grams or more of Fentanyl.

3

one hundred twenty-one months as to Count One, and forty-eight months as to each of the remaining counts, all to run concurrent with Count One, for a total term of imprisonment of one hundred twenty-one months.  (JA852).

## II.    RELEVANT FACTS

On May 20, 2019, a United States District Court Judge authorized a wiretap on co-conspirator's James Gaston's phone beginning May 20, 2019, and expiring on June 20, 2019.  JA34.  On June 24, 2019, the same Judge authorized the continued interception of Gaston's phone, along with two other phones, including one belonging to Valfonso Dewitt.[2]  JA34.  At the motion hearing, Dewitt's counsel argued that the warrant affidavit was not supported by sufficient probable cause as to Dewitt's involvement in drug trafficking.  JA103-120.

The prosecution presented evidence at trial that certain individuals, including Dewitt, based in Maryland, New York, and other States worked together to acquire and distribute controlled substances, including fentanyl.  Six law enforcement witnesses testified about their respective roles in the investigation, including monitoring the electronic communications between Dewitt and other alleged co-conspirators, and surveilling them in person.  No testimony or evidence

---

[2] The portions of the affidavit that are relevant to the initial probable cause determination with respect to Dewitt's phone are covered in pages JA32-52.  This section of the warrant covers the period from May 20-June 20, 2019.  Pages JA52-94 are not relevant for purposes of the initial probable cause determination made by the Judge on June 24, 2019, because the events contained therein occurred after June 20, 2019.

was presented about Dewitt directly possessing or selling any controlled substances. The government case against Dewitt mainly consisted of wiretapped conversations from his phone, and covert surveillance of him meeting with other alleged co-conspirators.

## SUMMARY OF THE ARGUMENT

The district court erred when it found that sufficient probable cause existed to authorize a wiretap of Dewitt's phone. The warrant did not provide any evidence that the alleged supplier of narcotics mentioned in a phone call between Gaston and an unindicted co-conspirator was Dewitt. The warrant did not provide any evidence that the meeting between Gaston and Dewitt in New Jersey involved drug trafficking. The warrant did not provide evidence of any other objectively reasonable evidence that Dewitt was involved in drug trafficking. The good faith exception to the warrant requirement did not apply because the bare bones affidavit was so lacking in probable cause that it rendered official belief in its existence unreasonable.

## ARGUMENT

I.  **The District Court Erred When It Found That Sufficient Probable Cause Existed to Authorize a Wiretap of Dewitt's Phone.**

### A. Standard of Review

"When the district court denies a motion to suppress, we review its legal conclusions de novo and factual findings for clear error." United States v. Gondres-Medrano, 3 F.4th 708 (4th Cir. 2021).

### B. The Affidavit to the Warrant Did Not Establish Probable Cause that Dewitt Was Involved in Drug Trafficking.

In <u>United States v. Doyle</u>, 650 F.3d 460 (4th Cir. 2011, law enforcement officers interviewed three alleged child victims of sexual assault, all with similar stories of the way the defendant assaulted each in his home, with one child alleging that he was also shown photographs of nude boys. <u>Id</u>. at 465. Armed with that information, officers applied for a search warrant to search the defendant's home for evidence of child pornography. <u>Id</u>. at 465. The district court determined that despite some inaccuracies and other issues in the affidavit, the search warrant would be upheld pursuant to the good faith exception established in <u>United States v. Leon</u>, 468 U.S. 897 (1984).[3] <u>Id</u>. at 466. However, this Honorable Court reversed the decision of the district court, deciding that exclusion of evidence was the appropriate remedy because "the application for [the] warrant to search a private residence for evidence of child pornography failed to indicate that the pictures allegedly possessed were in fact pornographic *and* provided no indication as to when the pictures were allegedly possessed." <u>Id</u>. at 463.

According to the affidavit in this case, in a wiretapped March 7, 2019, phone call between James Gaston, and another unknown co-conspirator, Gaston speaks about an individual named "Valentino" and his supposed ability to supply him

---

[3] A federal magistrate judge recommended that the defendant's motion to suppress be granted because the warrant affidavit "contained knowing or reckless falsity" and was "so bare bones in nature that the issuing magistrate essentially acted as a rubber stamp." 650 F. 3d at 465.

(Gaston) with drugs.  JA40-41.  On May 22, 2019, Gaston spoke with Dewitt to inform him that he was planning to travel to New Jersey in the coming days for a family funeral.  JA45-46.  On May 29, 2019, FBI agents observed Gaston and Dewitt in a church parking lot in Newark, New Jersey, where Gaston handed Dewitt a black plastic bag, which the agents *believed* contained money.  JA49.  On May 30, 2019, Gaston speaks with an unknown co-conspirator and again mentions "Valentino" and makes references to things that the writer of the affidavit believes are illegal drugs.  JA50-51.  Lastly, the affidavit to the warrant describes a May 31, 2019, phone call between Gaston and Dewitt, where the officer *believes* drugs are being discussed.  JA51-52.

In *Doyle*, the magistrate judge found "that there was no evidence in the affidavit as to when the pictures were shown to the child, or whether the pictures actually met the statutory definition of child pornography."  650 F.3d at 466.  In this case, the warrant affidavit provides no evidence that Dewitt possessed drugs or received money from Gaston for their purchase.  The warrant provides no other corroborating information that the meeting between Dewitt and Gaston in New Jersey was drug related.  The officer's assertion in the affidavit that he could determine, from a covert location, the contents of the black plastic bag given by Gaston to Dewitt strains credulity.  Even assuming arguendo, that the black bag *did* contain currency, there is no evidence in the affidavit to support the officer's belief that the money was intended or used to purchase illegal narcotics.  Nothing in the

affidavit suggests that Dewitt provided drugs to Gaston (or anyone else) after receiving the black plastic bag in New Jersey. Moreover, the affidavit does not provide any evidence that Dewitt is involved in any other instance of drug trafficking. In short, the affidavit does not provide any information about whether Dewitt ever sold, possessed or delivered drugs to Gaston, or any other person.

The phone call(s) between Gaston and other alleged co-conspirators do not establish probable cause as to Dewitt. First, there is no evidence that "Valentino", an alleged prospective supplier of narcotics to Gaston, is the same person as Valfonso Dewitt. The warrant does not provide any confirmatory information from a confidential informant or other person to prove that "Valentino" and Dewitt ("Valfonso") are one in the same person. Furthermore, when Gaston and Dewitt speak by telephone, neither one refers to Dewitt as "Valentino" or "Val". Simply put, there is not enough evidence to establish probable cause that Dewitt is involved in drug trafficking and his phone should be wiretapped.

**C. The <u>Leon</u> Good Faith Exception Is Not Applicable.**

This Honorable Court has declined to apply the *Leon* good faith exception in numerous other cases. For example, in <u>United States v. Wilhelm</u>, 80 F.3d 116 (4th Cir. 1996), the Court declined to apply the good-faith exception because the warrant was only based on a vague tip from an anonymous unproven informant. Furthermore, the Court declined to apply the good faith exception because "the

Leon good-faith exception does not apply in the case of a bare bones affidavit." 80 F.3d at 122. In the instant case, the affidavit contains no specific information about Dewitt's involvement in drug activity, including a lack of information from any confidential informant to suggest that Dewitt is engaged in drug trafficking.

In <u>United States v. Lyles</u>, 910 F.3d 787 (4th Cir. 2018), this Honorable Court declined to apply the good faith exception where a search warrant of a residence was issued based on a minimal number of drugs, paraphernalia, and mail addressed to a home, which was discovered in a trash pull outside the residence. In the instant case, the warrant did not provide any information about whether any drug related activity occurred in and around Dewitt's residence or any other location. The officer's assertion in the warrant that Dewitt received money for drugs is without merit, and there is no other evidence of Dewitt being tied to a location where drugs were present.

## CONCLUSION

For the foregoing reasons, regarding Appellant Valfonso Dewitt, this Court should reverse the decision of the district court and order that the Appellant's *Motion to Suppress Evidence Obtained by Electronic Surveillance and Wire Interception* is granted. This Honorable Court should further order that this case be remanded to the district court and scheduled for a new trial.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Appellant Valfonso Dewitt requests oral argument.  Oral argument would aid the decisional process of this Court.


Respectfully submitted,

*/s/ Alfred Guillaume, III*
Alfred Guillaume, III
Law Offices of Alfred Guillaume III
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
202-321-0549
ag3law@gmail.com

**Attorney for Appellant**
**Valfonso Dewitt**